(161 App. Div. 161)

HEAPHY v. UNITED STATES WOOD PRESERVING CO. et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1914.)

1. MUNICIPAL. CORPORATIONS (§ 805*) — INJURIES IN STREETS — CONTRIBUTORY NEGLIGENCE.

Plaintiff was injured by tripping and falling over a street railway rail at a point where the asphalt had been entirely removed in repairing the street. Plaintiff knew that the repairs were being made, and had frequently crossed the street at that point, and had previously noticed the rail over which he tripped; but on the night he was injured it was raining and blowing, and he had an umbrella held low before his face, though the place was well lighted. *Held*, that plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1677, 1683; Dec. Dig. § 805.*]

2. MUNICIPAL CORPORATIONS (§ 819*)—INJURIES IN STREETS—ACTIONS—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

In an action against a city and others for injuries from tripping over a street car rail at a place where the asphalt had been removed for repairing the street, evidence *held* not to show negligence by the city or company making the repairs for it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

3. MUNICIPAL CORPORATIONS (§ 763*)—REPAIR OF STREETS.

A city has a right to remove the asphalt in the streets for the purpose of making repairs, and was not liable for injuries to persons tripping on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a street car rail exposed by the removal of the paving, if it took all reasonable precautions to make the place safe.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1612–1615; Dec. Dig. § 763.*]

Appeal from Trial Term, New York County.

Action by Timothy Heaphy against the United States Wood Preserving Company and others. From a judgment dismissing the complaint as to one defendant, and an order denying a motion for a new trial, plaintiff appeals; and the defendant named appeals from a judgment for plaintiff against it and an order denying its motion for a new trial. Affirmed on plaintiff's appeal, and reversed and complaint dismissed on appeal by defendant company.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

John C. Robinson, of New York City, for plaintiff.

Theodore H. Lord, of New York City, for Franklin Contracting Co.

James J. Mahoney, of New York City (Adolph F. Bruenner, of Brooklyn, of counsel), for defendant United States Wood Preserving Co.

McLAUGHLIN, J. The city of New York entered into a contract with the United States Wood Preserving Company to make certain changes or repairs in Thirty-Fourth street, where the same intersects Broadway. The contract contained a provision that the Wood Preserving Company would give its personal attention to the faithful prosecution of the work, would place proper guards and lights to prevent accidents, and would observe the law and all ordinances of the city in relation to obstructing the street, keeping open the passageways, and protecting the same; also that it would not assign the contract without the written consent of the city. The Wood Preserving Company sublet the contract, or some part of it, to the Franklin Contracting Company. Whether or not the city consented does not appear. The Contracting Company, for upwards of six weeks prior to the 6th of November, 1911, had been engaged in doing the work called for by the contract. The asphalt and pavement in the street had been entirely removed. There is a street surface railway extending along Thirty-Fourth street, and at the point where such street intersects Broadway the removal of the asphalt and pavement left the rails from six to ten inches above the earth, and the same were supported by planks or blocks.

The plaintiff, about 8 o'clock in the evening of the day named, started to cross from the northwest to the southwest corner of Thirty-Fourth street, and in doing so tripped and fell over the northerly rail, receiving personal injuries. He brought this action to recover the damages sustained, on the ground that the same were due to the negligence of all the defendants. At the trial the jury rendered a verdict for a substantial amount against the Wood Preserving Company and of no cause of action against the other two defendants. The plaintiff appeals from the judgment entered on verdict dismissing complaint

as to the Franklin Contracting Company, and the Wood Preserving Company appeals from the judgment against it. · ¯

[1] The plaintiff, according to his own testimony, was not entitled to recover against any of the defendants. He testified that he knew the changes which had been and were being made in the street at the place where the accident occurred; that he had frequently crossed the street at this point, and had, previous to the night in question, noticed the rail over which he tripped and fell; that this was the only night he had not seen it; that it was raining, and the wind blowing hard at the time, and he had an umbrella pulled quite low.

The place was well lighted, and had plaintiff exercised any care whatever he could not have helped but see the rail. Planks had been placed from the sidewalk down to the bed of the street, so his attention was called to the condition of the street when he left the sidewalk. After leaving the planks he had to travel on the dirt six or eight feet, and that he realized this is evident from his testimony, because he says he went through the mud before he reached the rail. His own testimony best describes the situation. He said:

"I was not thinking about the rail on the night of the accident. I did not have the rail in my mind as I walked along there on the night of the accident. I did not look for the rail. I did not try to see it; it never ran in my mind. I had my head down, away down. I know the rail was there; but I could not tell how far away it was from me, for I did not look for it. I suppose I tried to see. I must have tried to see it, because I would have to step up. I did not think about it at the time. I suppose I tried to see it, but I did not bother about it, sir; it did not come into my head. * * * I knew that the rail had been in the same condition as it was on that night for about a week. * * * When I stepped down from the north side of Thirty-Fourth street, I first stepped on planking. After that I stepped on dirt or mud. The dirt had been there before the accident, maybe a week or six weeks. I do not remember exactly, but during at least a week, and perhaps for six weeks, before the accident, whenever I saw that crossing, I saw the dirt and I saw this raised rail, and the only time that I did not see it was the night of the accident."

[2, 3] The plaintiff was not only guilty of contributory negligence, but he failed to establish any negligence on the part of the defendants. The city had a right to change and repair the street, and there is nothing to show that any further precautions could have been taken to prevent an accident of this character. The contractors could not barricade the street. The place was well lighted. It is difficult to imagine what further could be done, unless some one stood on the street to escort each person across, and I take it no one would contend, under such circumstances, such obligation rested upon the city or its contractors.

The judgment and order appealed from by the plaintiff are affirmed, with costs to the defendant Franklin Contracting Company, and the judgment and order appealed from by the United States Wood Preserving Company are reversed, with costs to said defendant, and the complaint dismissed, with costs. All concur.